

NEW YORK
LOS ANGELES
DETROIT

David Azar
Direct Dial: 213-915-8870
dazar@milberg.com

November 1, 2016

**VIA ECF**

Honorable Molly C. Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

   Re: *Robert Briseño v. ConAgra Foods, Inc.*, Case No. 15-55727
      Response to ConAgra's October 26, 2016 Notification of Supplemental Authority
      Pursuant to Fed. R. App. P. 28(j)

Dear Ms. Dwyer:

  ConAgra's October 26, 2016 letter fails to disclose that the *Hughes* court differentiated its reasoning from this case. *Hughes* denied class certification for a claim that a brand of Vitamin-C was "better." The *Hughes* court said that "[t]he 'better' representation … is unique and separates this case from others that have found *Comcast* satisfied based on [Weir's] methodologies," including the *ConAgra* case. 2016 US Dist. LEXIS 144918 at *64, n. 34 (emphasis added). *Hughes* reasoned that:

> [t]he [*ConAgra*] Court only certified the class because another expert proposed a conjoint analysis that, when combined with Weir's hedonic regression, could 'produce a damage figure attributable solely to ConAgra's alleged misconduct.'
> … But such a model does not work with Plaintiffs' theory of the case [in *Hughes*].

*Id*. at *61-62. Thus, the *ConAgra* decision "demonstrates the precise reasons a class cannot be certified [in *Hughes*]." *Id*. at *61. *Hughes* was fact-specific and based on a representation readily distinguishable from ConAgra's "100% Natural" claim.[1]

  ConAgra similarly misapplied *In re NJOY, Inc. Consumer Class Action Litig.*, and failed to disclose that *NJOY* and *ConAgra* were both decided by Judge Morrow, who specifically distinguished *NJOY* from *ConAgra* and reaffirmed why Plaintiffs' damages model here satisfies *Comcast*:

---

[1] By not mentioning that *Hughes* contains language directly contradicting the proposition for which it is cited, ConAgra violated its duty of candor to this Court.

2850 Ocean Park Blvd., Suite 300 · Santa Monica, California 90405 · T 213.617.1200 · F 212.868.1229  milberg.com

November 1, 2016
Page 2

> In *ConAgra II,* the court found that the use of conjoint analysis *in conjunction with* a proposed hedonic regression that accounted for 'supply and market factors,' was sufficient to permit certification under *Comcast*. ConAgra raised the same concerns that NJOY raises; it was only because the *ConAgra II* plaintiffs proposed to use a 'hybrid damages methodology' whereby a conjoint analysis was used in addition to a hedonic regression that the court was able to certify a class.

120 F. Supp.3d at 1121.[2]

Respectfully submitted,

/s/ *David Azar*

David Azar

---

[2] The subsequent *NJOY* opinion on appeal rejected plaintiffs' proposed damages model for factually distinct, inapplicable reasons (*i.e.*, "immaturity" of the e-cigarette market). Finally, *In re Dial Complete Mktg. and Sales Practice Litig.* is irrelevant because no *ConAgra*-like damages model was presented.

**Milberg LLP**